UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERA JOHNSON                                                                                    PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 1:13CV205-HSO-RHW

JASON B. SIMMONS                                                                              DEFENDANT

## ORDER DENYING MOTION TO COMPEL

Before the Court is Plaintiff Vera Johnson's motion to compel compliance with a subpoena issued to Yamaguchi, Obien, Magio Court Reporting & Video (Yamaguchi). Doc. [74]. Plaintiff filed a medical malpractice lawsuit against Defendant Dr. Jason B. Simmons. Defendant retained Dr. Robert M. London as an expert witness. Dr. London previously offered expert opinions in *Newsome v. Mosquera*, an unrelated case out of Washington state. Plaintiff contends that the opinions contained in Dr. London's affidavit filed in *Newsome* seem to support Plaintiff's arguments regarding Defendant's negligence and liability in the instant case. Plaintiff seeks a copy of Dr. London's deposition transcript from the *Newsome* case so that she may use it as part of her cross-examination of Dr. London.

Plaintiff served the court reporting firm from the *Newsome* case with a subpoena issued from the United States District Court for the Western District of Washington. Doc. [74-1]. The subpoena directed that Yamaguchi produce a copy of the *Newsome* transcript at Plaintiff's counsel's office in Ridgeland, Mississippi. *Id.* Yamaguchi indicated that it would not produce the transcript without a court order, citing standards of professional practice that require either consent of the parties or a court order before the transcript could be produced. Doc. [74-2]. One of the parties to the *Newsome* lawsuit does not consent to production of the transcript. Doc. [74-3]. Hence Plaintiff filed the instant motion to compel. Defendant opposes the motion to compel

citing privacy concerns of the parties in the *Newsome* lawsuit.  Doc. [75].

The Court finds that the motion to compel should be denied without prejudice on procedural grounds.  "A subpoena must issue from the court where the action is pending."  Fed. R. Civ. P. 45(a)(2); *see Martensen v. Koch*, 595 F.R.D. 562, 585-86 (D. Colo. 2014).  In this case, the subpoena issued from the United States District Court for the Western District of Washington.  Doc. [74-1].  By operation of Rule 45(a)(2), it should have issued from the Southern District of Mississippi.  Not only did the subpoena issue from the wrong court, but Plaintiff is requesting that the United States District Court for the Southern District of Mississippi enforce a subpoena that it did not issue.  This Court does not have the authority to enforce the subpoena issued in Washington.  *See In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998)("only the issuing court has the power to act on its subpoenas"); *Baxter Travenol Lab v. LeMay*, 89 F.R.D. 410, 418 (S.D. Ohio 1981)("it would be improper for this Court to attempt to enforce a subpoena issued by a different court against a person who is not a party to the action pending herein.").

IT IS THEREFORE ORDERED AND ADJUDGED that the motion to compel is DENIED without prejudice.

SO ORDERED, this the 13th day of February, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE