UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERA JOHNSON                                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 1:13CV205-HSO-RHW

JASON B. SIMMONS                                                                               DEFENDANT

**<u>ORDER</u>**

Before the Court are various motions relating to Plaintiff's attempts to obtain a transcript from the court reporting firm Yamaguchi, Obien, Magio Court Reporting & Video located in the state of Washington: (1) Plaintiff's Motion for Contempt and to Compel (Doc. [82]); (2) Plaintiff's Amended Motion for Contempt and to Compel (Doc. [87]); and (3) Defendant's Motion for Protective Order (Doc. [90]).

Plaintiff filed a medical malpractice lawsuit against Defendant Dr. Jason B. Simmons. Defendant retained Dr. Robert M. London as an expert witness. Dr. London previously offered expert opinions in *Newsome v. Mosquera*, an unrelated case out of Washington state. Plaintiff contends that the opinions contained in Dr. London's affidavit filed in *Newsome* seem to support Plaintiff's arguments regarding Defendant's negligence and liability in the instant case. Plaintiff seeks a copy of Dr. London's deposition transcript from the *Newsome* case so that she may use it in cross-examination of Dr. London.

Plaintiff initially served the court reporting firm from the *Newsome* case with a subpoena issued from the United States District Court for the Western District of Washington. Doc. [74-1]. The court reporting firm indicated that it would not produce the transcript without a court order, citing standards of professional practice that require either consent of the parties or a court order before the transcript could be produced. Doc. [74-2]. One of the parties to the *Newsome*

lawsuit did not consent to production of the transcript. Doc. [74-3]. Plaintiff then filed a motion to compel in this Court. Doc. [74]. The Court denied without prejudice Plaintiff's motion to compel on two grounds. Doc. [78]. First, the Court found that by operation of Rule 45(a)(2), the subpoena should have issued from the Southern District of Mississippi rather than from the Western District of Washington. Second, the Court found that it did not have the authority to enforce a subpoena issued by the district court in Washington.

The Court finds that the instant motions to compel should be denied. Plaintiff's efforts to obtain the transcript have run afoul of the 2013 amendments to Rule 45 regarding the issuance and enforcement of subpoenas. Prior to the 2013 amendments, subpoenas to compel deposition testimony or to compel production of documents from non-parties were issued by the court where compliance was required. *Martensen v. Koch*, 301 F.R.D. 562, 586 (D. Colo. 2014). The issuing court and the court of compliance were the same. *Id.* Rule 45(a)(2) now requires that "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2); *see S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D. N.M. 2014); *Martensen*, 301 F.R.D. at 585-86 (D. Colo. 2014). Thus regardless of the place of compliance, the instant subpoena must issue from the Southern District of Mississippi. However, if "[a] person commanded to produce documents or tangible things" objects, "the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Rule 45(d)(2)(B)(i). Hence, pursuant to the amended rule, even though the subpoena must issue from the court where the action is pending, the court of compliance still presides over disputes concerning production of the documents. *See Martensen*, 301 F.R.D. at 586. The amended rule further provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a

2

motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Rule 45(f); *Martensen,* 301 F.R.D. at 586.

The latest subpoena has issued from the Southern District of Mississippi, as required by Rule 45(a)(2), because it is the court where the action is pending. However, Plaintiff is attempting to enforce the subpoena in the wrong court. It is not disputed that compliance is required in the state of Washington. Accordingly, Plaintiff should have sought to compel production in Washington as required by Rule 45(d)(2)(B)(i). *See Martensen*, 301 F.R.D. at 586. At that point, the procedures laid out in Rule 45(f) would come into play. *See Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *4 (D. Nev. 2014); *Moon Mountain Farms, LLC v. Rural Community Insurance Co.*, 301 F.R.D. 426, 428-31 (N.D. Cal. 2014). Based on the foregoing, the Court finds that Plaintiff's motions to compel and for contempt should be denied. In light of the Court's ruling, Defendant's motion for protective order is found to be moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [82], [87] Motions for Contempt and to Compel are DENIED.

IT IS FURTHER ORDERED that Defendant's [90] Motion for Protective Order is found to be MOOT.

SO ORDERED, this the 7th day of May, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE